**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRYSTAL GAYLE DUFOUR,** | : | **No. 3:25-CV-1496** |
| **Plaintiff** | : | **(Caraballo, M.J.)** |
| **v.** | : | |
| **FRANK J. BISIGNANO, Commissioner of Social Security Administration,** | : | |
| **Defendant** | : | |

## MEMORANDUM

## I. Introduction

Plaintiff Crystal Dufour seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction pursuant to Title 42, United States Code, Section 405(g), and Title 28, United States Code, Section 636(c)(1).

Dufour raises two primary challenges to Administrative Law Judge ("ALJ") Erin Power's determination that Dufour was not disabled under the Social Security Act. First, Dufour contends that the ALJ's

reasoning for why she rejected portions of a treating physician's opinion was incorrect. Doc. 10, at 6-7. Second, Dufour posits that the ALJ failed to evaluate medical opinion evidence when determining Dufour's residual functional capacity. *Id.* The matter is fully briefed and ripe for decision.

As explained below, ALJ Power's reason for declining to incorporate a limitation to one and two-step tasks in the residual functional capacity determination was legally incorrect. This discrepancy constituted harmful error because, absent further explanation from the ALJ, the exclusion of the limitation could have changed the ultimate finding of Plaintiff's disability. Accordingly, the Court vacates the Commissioner's decision to deny Dufour's claims for social security disability benefits and remands this case for proper consideration of the one-to-two step task limitation.

## II. **Background**[1]

On January 13, 2023, Crystal Dufour applied for disability insurance benefits, alleging disability as of June 1, 2021, due to long

---

[1] As the parties and the Court are well-acquainted with the facts underlying this appeal, the Court only provides a brief summary of the procedural history, and addresses the pertinent facts in the discussion below.

COVID, anxiety, depression and bipolar disorder. Tr. at 20, 41. The Social Security Administration ("SSA") denied Dufour's application on April 17, 2023, *id.* at 60, and again upon reconsideration on Octobber 19, 2023. *Id.* at 72. Dufour accordingly requested and received a hearing on July 16, 2024. *Id.* at 34-59; 99; 113-15.

On August 27, 2024, ALJ Powers issued a decision concluding that Dufour was not disabled. *Id.* at 17-29. Dufour appealed to the Social Security Appeals Council on October 27, 2024. *Id.* at 264-65. The Appeals Council denied her request on July 3, 2025. *Id.* at 1-6. The instant appeal followed. Doc. 1. The Commissioner provided the record on November 18, 2025. Doc. 9. The parties then filed their respective briefs, leaving this matter ripe for decision. Docs. 10, 13-14.

## III. <u>Discussion</u>

### A. Standard of Review

Review of the Commissioner's decision denying a claimant's application for social security disability benefits is limited to determining whether the factual findings of the final decisionmaker are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008).

Substantial in this context is "more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). Put more pointedly, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In an adequately developed record, this can mean "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n.*, 383 U.S. 607, 620 (1966) (citations omitted).

Under this deferential standard, "[f]actual findings which are supported by substantial evidence must be upheld." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012) (citations omitted); 42 U.S.C. § 405(g). This Court's role is not to re-weigh the evidence and make factual determinations, but to simply review the record and ensure that the ALJ provided "a discussion of the evidence and an explanation of reasoning for her conclusion sufficient to enable meaningful judicial review." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009)

(citations and quotations omitted). An ALJ meets that standard by stating "in her decision which evidence she has rejected and which she is relying on as the basis for her finding." *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 433 (3d Cir. 1999) (citations omitted). Moreover, when there is countervailing evidence, an ALJ must "give some reason for discounting the evidence she rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citation omitted); *see also Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (holding that substantial evidence standard is unmet when the ALJ fails to resolve conflicts created by countervailing evidence).

### B. The ALJ's Legally Erroneous Explanation of the Exclusion of a One and Two-Step Task Limitation

Dufour posits that, notwithstanding ALJ Power's determination that the opinion of state agency psychologist Drs. Dante Mancini and John Gavazzi was persuasive, the ALJ did not adopt their "one-to-two step tasks/instructions" limitation in Dufour's residual functional capacity. Doc. 10 at 6-7; Tr. at 22, 38. More expansively, Dufour contends that ALJ Power's explanation not to adopt that limitation was legally incorrect, thus affecting the step five determination on which jobs Dufour could perform. Doc. 10 at 8-10. The Commissioner

responds that the decision was supported by substantial evidence because the ALJ was not obligated to adopt every limitation opined by medical experts. Doc. 13 at 12 (citing *Benson v. Kijakazi*, 2022 WL 17406051 at *1 n. 1 (W.D. Pa. 2022) (affirming decision despite the ALJ's failure to incorporate an identified one to two-step instruction limitation)).

The ALJ is tasked with assessing a claimant's residual functional capacity. 20 C.F.R. § 404.1546(c). "Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 (3d Cir. 1999)). A residual functional capacity reflects the *most* that an individual can still do, despite his or her limitations, and is used at steps four and five of the ALJ's analysis. 20 C.F.R. §§ 404.1520, 404.1545; SSR 96-8P, 1996 WL 374184, at *2. Although all evidence of record is considered, the ALJ's determination must be supported by medical evidence. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

The ALJ need not adopt every limitation expressed by an expert, as it is well-established that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and [residual functional capacity] determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Nevertheless, "while the ALJ may choose which medical opinions are persuasive, for each limitation opined necessary by a persuasive medical source, the ALJ is obligated to either: (1) incorporate that limitation in the claimant's [residual functional capacity], or (2) explain the basis for discounting that limitation. Such an obligation ensures that any omission was intentional and supported by substantial evidence in the record." *Lombardo v. Bisignano*, 2026 WL 674198, at *1 (M.D. Pa. 2026) (citations and quotations omitted).

With these obligations in mind, several courts within the Middle District of Pennsylvania, including the undersigned, have recently held that an ALJ's "unexplained failure [] to incorporate a one-to-two-step task limitation set forth in a medical opinion deemed persuasive constitutes error which may compel remand." *Id.*; *see also Simon v. Kijakazi*, 2022 WL 828935, at *10 (M.D. Pa. 2022) ("While the ALJ

certainly was not required to include this [one and two-step] limitation, the ALJ was required to explain the failure to include this limitation, particularly because the ALJ found this opinion to be generally persuasive and supported by the record."); *Reichner v. Bisignano*, 2026 WL 3034503, at *1 (M.D. Pa. 2026); *Shipman v. Kizakazi*, 2023 WL 5599607, at *8 (M.D. Pa. 2023); *Pokorny v. Kijakazi*, 2023 WL 6988360, at *6 (M.D. Pa. 2023). Courts in this district also found that the wrong legal reasoning for excluding the limitation to constitute a basis for remand. *Lord v. Bisignano*, 2026 WL 1078898 at *10 (M.D. Pa. 2026) ("The instant case presents us with a closely related question: Is it also error for an ALJ to discount a one-to-two-step limitation in an otherwise persuasive medical opinion for the wrong reason? We conclude that rejecting this aspect of a medical opinion for the wrong reason is also error and compels remand."). The Court agrees with the rationale set forth in those prior decisions.

At issue here is the medical opinions of state agency psychologists Mancini and Gavazzi. On February 17, 2023, Dr. Mancini completed a Psychiatric Review Technique and Mental Residual Functional Capacity Reassessment, in which he identified mild mental limitations

and opined that Dufour "is able to carry out short and simple instructions (i.e., perform one and two step tasks)." Tr. at 68-69. On September 8, 2023, Dr. Gavazzi completed a Psychiatric Review Technique and Menal Residual Functional Capacity Reassessment and opined that Dufour "can perform one- and two- step tasks." Tr. at 80.

ALJ Powers found both opinions to be largely persuasive. *Id.* at 26. More specifically, the ALJ concluded that the opinion that Dufour experienced "mild to moderate limitations in the paragraph B criteria and that [Dufour] would be limited to a range of simple work" was consistent with other medical opinions and the evidence in the record. *Id.* The ALJ then formulated the residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes, or scaffolds; never be exposed to hazards such as unprotected heights or open moving machinery; can occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to extreme heat, wetness, or humidity; must avoid all exposure to extreme cold and pulmonary irritants (such as fumes, odors, dusts, and gases); **is limited to understanding, remembering, and carrying out simple instructions and using judgment to make simple work-related decisions.**

*Id.* at 22 (emphasis added). ALJ Powers specifically rejected both Dr. Mancini and Dr. Gavazzi's use of the one-to-two step task limitation on the grounds that they were "not stated in vocationally defined terminology." *Id.* at 26. That justification, however, is legally incorrect.

Courts in the Third Circuit have consistently stated that

> The term "one-to-two step tasks" is a definitional term used in the Department of Labor Dictionary of Occupational Titles, the vocational Bible relied upon by ALJs in virtually all Social Security cases. This plainly vocational term describes jobs limited to reasoning level 1 since the definition of this reasoning level is confined to jobs which entail: "Apply[ing] commonsense understanding to carry out simple one-or two-step instructions."

*Miller v. Bisignano*, 2026 WL 2881198 (M.D. Pa. 2026), *report and recommendation adopted*, 2026 WL 2876645 (M.D. Pa. 2026) (citing Dictionary of Occupational Titles, Appendix C - Components of the Definition Trailer, 1991 WL 688702); *Lord v. Bisignano*, 2026 WL 1078898 at *10-11 (M.D. Pa. 2026). Thus, the one- to two-step limitations referenced in the medical opinions was, contrary to the ALJ's determination, stated in vocationally defined terminology.

That legal error affected the ALJ's evaluation of Dufour's residual functional capacity. The Dictionary of Occupational Titles ("DOT") describes the general educational development of each occupation,

including the required reasoning development levels. The DOT explains that, in occupations with a reasoning level of 1, satisfactory job performance requires that an employee be able to "[a]pply commonsense understanding to carry out simple one-or two-step instructions." DOT, Appendix C, 1991 WL 688702. In occupations with a reasoning level of 2, satisfactory job performance requires that an employee be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT, Appendix C, 1991 WL 688702. The Court previously interpreted this to mean that a limitation to one and two-step tasks is consistent with occupations requiring a reasoning level of 1, but *inconsistent* with occupations requiring reasoning levels of 2 or above. *Billig v. Bisignano*, 2026 WL 3084162 (M.D. Pa., 2026).

After excluding the one- to two-step limitation, the ALJ concluded that Dufour could not return to her past work, but could perform other occupations in the national economy. Most of those jobs, however, consisted of reasoning level 2 or 3 occupations that exceed a one and

two-step task limitation. *See* Tr. at 26-7.[2] ALJ Power's designation that Dufour could perform simple tasks does not remedy the error because "there is a significant difference between an RFC limitation to one and two step tasks and an RFC limitation to simple, routine tasks." Tr. at 22; *Podunajec v. Saul*, 2020 WL 7319779, at *6-7 (M.D. Pa. 2020).

The only occupations proffered by the ALJ that have a GED Reasoning Development Level of 1 were sorter (DOT 521.687-086) and spotter (DOT 739.687-182). During the hearing, the vocational expert testified that 1,900 sorter jobs and 1,200 spotter jobs existed in the national economy.[3] Tr. at 55. Even in the aggregate, the Court finds

---

[2] During the hearing, the vocational expert testified that the following jobs were available to the hypothetical individual ALJ Powers described, which the ALJ relied upon in determining that other work existing in significant numbers in the national economy was available to Dufour: marker (DOT 209.687-022) (GED Reasoning Level 2), routing clerk (222.687-022) (GED Reasoning Level 2); hand packager (DOT 599.687-074) (GED Reasoning Level 2); document preparer (DOT 249.587-018) (GED Reasoning Level 3); an address clerk (DOT 209.587-010) (GED Reasoning Level 2); a sorter (DOT 521.687-086) (GED Reasoning Level 1); and as a spotter (DOT 739.687-182) (GED Reasoning Level 1). Tr. at 28, 53-54.

[3] Dufour contends that the ALJ could not rely on the sorter job, because it was rendered obsolete in Emergency Message 24027. The emergency message, however, states, "[a]n adjudicator may not cite any of the DOT occupations listed below to support a framework 'not disabled' determination or decision without additional evidence from a VS or VE supporting the adjudicator's conclusion that, as the occupation is currently performed: [i] Its requirements are consistent with the individual's RFC, and [ii] It exists in the national economy in numbers that alone, or in combination with work in other cited occupations, are significant." EM-24027.

that number insufficient to establish that these occupations exist in significant numbers in the national economy, and the Commissioner has not offered any authority showing otherwise. *See Alvarez v. Berryhill*, 2017 WL 1709400 at *8 (M.D. Pa. May 3, 2017) ("[T]he Commissioner has failed to identify any case where any court has found that a national statistic of 2,077 jobs or less has been upheld as 'significant.'"); *Leonard v. Heckler*, 582 F. Supp. 389, 391 (M.D. Pa. 1983) (concluding that testimony from a VE that there are 4,000 or 5,000 jobs in national economy that Mr. Leonard could perform did not support the conclusion that Mr. Leonard was able to engage in work which existed to any significant degree in the national economy).

Because ALJ Powers did not identify at least one occupation existing in significant numbers that Dufour can perform with a reasoning level of 1, the ALJ's decision not to incorporate the one and two-step task limitation is not harmless error. *See Soto v. Kijakazi*,

---

If an ALJ intends to rely on the jobs identified in the EM-24027 for a finding of not disabled, the ALJ must solicit additional testimony from the vocational expert regarding the above criteria. *Williams v. Bisignano*, 2026 WL 2884190 at *6-7 (M.D. Pa. 2026). Here the ALJ solicited that testimony from the vocational expert, Tr. at 55, thus complying with EM-24027. *See Williams*, 2026 WL 2884190 at *6-7 (M.D. Pa. 2026) (ALJ complied with EM 24027 by questioning the vocational expert on how job had changed compared with the DOT definition.).

2022 WL 4358087, at *11 (M.D. Pa. 2022) (error was harmless and no remand required where claimant with one-to-two step task limitation would still be able to perform one of jobs identified by vocational expert with GED Reasoning Development Level of 1). Accordingly, the Court will remand this case to the Commissioner for further consideration.[4] While the Court concludes that this error compels a remand, nothing in this opinion should be deemed as expressing a judgment on what the ultimate outcome of any reassessment should be. Instead, that judgment remains entirely within the province of the ALJ.

## IV. Conclusion

For the reasons set forth above, the Court will **VACATE** the decision of the Commissioner and **REMAND** this case for further proceedings. A separate order shall follow.

Date: November 12, 2026,

/s/ Phillip J. Caraballo
Phillip J. Caraballo
United States Magistrate Judge

---

[4] As remand is required to properly consider the one and two-step task limitation, the Court declines to address Dufour's remaining challenges. The Court nevertheless recognizes the thoroughness of the ALJ's decision and notes that, to the extent any remaining contention would require re-weighing the evidence already considered by the ALJ, it would not afford a basis for disturbing the ALJ's decision. *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009).